IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTHA EBBERSON, individually and as legal guardian of minor children A.Y., Ai. Y., and Ar. Y., | |
| Defendant and Cross-Claimant, | 8:20-CV-51 |
| vs. | MEMORANDUM AND ORDER |
| MARVIN L. YOUNG, | |
| Defendant and Cross-Defendant. | |

This matter is before the Court on the Motion for Entry of Default Judgment Against Marvin L. Young (Filing 32) filed by Martha Ebberson, both in her individual capacity and as the legal guardian of A.Y., Ai. Y., and Ar. Y. For the reasons stated below, the Court will deny the motion.

## I. BACKGROUND

Unum Life Insurance Company ("Unum") filed this interpleader action following the death of Camisha Hollis.[1] Filing 1 at 1. Hollis had a basic life insurance, accidental death, and dismemberment policy with benefits insured by Unum. Filing 1 at 2. In accordance with Hollis's designations, Unum paid out portions of its liability to Ebberson, A.Y., Ai. Y., and Ar. Y. Filing 1 at 3. However, Unum did not distribute the $23,400 designated for Marvin L. Young because the State of Nebraska charged him with first-degree murder of Hollis. Filing 1 at 3. Ebberson sought payment of Young's designated proceeds. Filing 1 at 4. Because of the competing claims for the remaining $23,400 and Neb. Rev. Stat. § 30-2354, Nebraska's "slayer" statute, which prohibits

---

[1] Marvin L. Young was served via personal service on February 3, 2020. Filing 11.

1

the payment of life insurance benefits to one who feloniously and intentionally kills the insured, Unum filed this interpleader action asking the Court to determine the proper recipient of the remaining funds and absolve Unum of any liability relating to the remaining $23,400. Filing 1 at 4-5.

On February 21, 2020, Ebberson filed an Answer and Cross-Complaint which is unchallenged by Marvin Young. Filing 18. Young was served by personal service on March 4, 2020. Filing 22. Relating to her cross claim, Ebberson alleges entitlement to the remaining policy benefits held by Unum. Filing 18 at 4-5. Specifically, she alleges that the State of Nebraska charged Young with first-degree murder relating to Hollis's death in the District Court of Douglas County, Nebraska, Case No. CR19-2671. Filing 18 at 5. She further states, "Young is not entitled to any proceeds . . . as a beneficiary of any insurance plan of Camisha Hollis due to Neb. Rev. Stat. § 30-2354 and any benefits originally made to Young are now payable as though such beneficiary predeceased the decedent." Filing 18 at 5.

Subsequently, Unum deposited $23,626.53, representing the $23,400 principal plus interest, into the Court's registry and was dismissed as a party to the case. *See* Filing 36. On April 27, 2020, Ebberson motioned for the Clerk of Court to make an entry of default against Young due to his failure to respond to the cross-complaint, and the Clerk entered default that same day. Filing 28; Filing 30. The Clerk mailed a copy of the Entry of Default to Young. Filing 30. Ebberson then filed the present motion on May 11, 2020, seeking (1) default against Young, (2) receipt of the interpleaded funds, and (3) a declaration barring Young from further making claim against her or the guardian children related to the insurance proceeds. Filing 32. A copy of Ebberson's motion was mailed to the address at which Young was personally served. Filing 32 at 2.

Approximately two weeks later, on May 26, 2020, Young mailed a letter to the Court indicating his incarceration (at the location at which he was served), seeking an update on the case, and asking for advice on how to proceed. Filing 34. That same day, the Court entered an order directing the Clerk to mail copies of the order and various filings, including the Clerk's Entry of Default (Filing 30) and Ebberson's pending Motion for Default (Filing 32) to Young, which the Clerk did. Filing 35. On both May 28 and June 9, 2020, the Court received letters from Young indicating he was on "mind altering medications and under mental health care," and again seeking updates on the case and advice on how to proceed. Filing 37; Filing 40. The Court also received another letter from Young on June 9. Filing 41. In this letter, Young states that he is "on psyco-tropic mind altering medications" which "sometimes make [him] hallucinate and cause[] [him] and [his] thoughts to malfunction." Filing 41 at 1. Young writes, "[A]re you real?" Filing 41 at 1. The remainder of the letter is similar in content. Filing 41.

## II. DISCUSSION

It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997)). However, "[a] default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55(b)(2).

While Ebberson has submitted an affidavit stating Young "is not an infant or incompetent person," Filing 32 at 4, Young's letters are sufficient to raise the issue of competence. *See* Filing 41. Further, as noted by Ebberson, the State of Nebraska has charged Young with the first-degree

3

murder of Hollis. Filing 18 at 5. In that case, the issue of competence has been raised.[2] *See* Motion to Determine Competency to Stand Trial at 1, *State v. Young,* No. CR19-2176 (Douglas Cty. Dist. Ct. Aug. 18, 2020). To be clear, the Court is not ruling or opining on Young's competence but is instead proceeding cautiously given his allegations of incompetence. For this reason, the Court denies Ebberson's Motion for Entry of Default Judgment Against Marvin L. Young subject to reassertion at such time as the District Court of Douglas County rules on Young's pending Motion to Determine Competency to Stand Trial or Ebberson is otherwise able to satisfy the requirements of Federal Rule of Civil Procedure 55(b)(2).

### III. CONCLUSION

For the foregoing reasons, the Court denies the Motion for Entry of Default Judgment Against Marvin L. Young (Filing 32) filed by Martha Ebberson, both in her individual capacity and as the legal guardian of A.Y., Ai. Y., and Ar. Y.

IT IS ORDERED:

1. The Motion for Entry of Default Judgment Against Marvin L. Young (Filing 32) filed by cross-claimant Martha Ebberson, both in her individual capacity and as the legal guardian of A.Y., Ai. Y., and Ar. Y, is denied without prejudice subject to reassertion at such time as the District Court of Douglas County rules on Young's pending Motion to Determine Competency to Stand Trial;

---

[2] The Court takes judicial notice of the state-court docket involving this case prior to removal. *See United States v. Allen*, 804 F. App'x 425 (8th Cir. 2020) (citing Fed. R. Evid. 201(b)) (taking judicial notice of related state-court records because the "court may judicially notice [a] fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *Stutzka v. McCarville*, 420 F.3d 757, 761 (8th Cir. 2005) ("[W]e may take judicial notice of judicial opinions and public records . . . ."); *Hart v. Comm'r*, 730 F.2d 1206, 1208 (8th Cir. 1984) ("[F]ederal courts may *sua sponte* take judicial notice of proceedings in other courts if they relate directly to matters at issue.").

5

2. The parties are ordered to file an update on the status of the Motion to Determine Competency to Stand Trial pending in *State v. Young,* No. CR19-2176 in the District Court of Douglas County, Nebraska, every sixty days; and

3. The Clerk of Court is directed to set a status update deadline in accordance herewith.

Dated this 27th day of August, 2020.

                         BY THE COURT:

                         _/s/ Brian C. Buescher_
                         Brian C. Buescher
                         United States District Judge