IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARTHA EBBERSON, individually and as legal guardian of minor children A.Y., Ai. Y., and Ar. Y.; <br><br> Cross-Claimant, <br><br> vs. <br><br> MARVIN L. YOUNG, <br><br> Cross-Claim Defendant. | 8:20-CV-51 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on the Amended Motion for Default Judgment, Filing 54, filed by Cross-Claimant, Martha Ebberson, in her individual capacity and as legal guardian of minor children A. Y., Ai. Y., and Ar. Y. For the reasons stated below, the Court grants the motion.

## I. BACKGROUND

Unum Life Insurance Company ("Unum") filed this interpleader action following the death of Camisha Hollis.[1] Filing 1 at 1. Hollis had a basic life insurance, accidental death, and dismemberment policy with benefits insured by Unum. Filing 1 at 2. In accordance with Hollis's designations, Unum paid out portions of its liability to Ebberson, A.Y., Ai. Y., and Ar. Y. Filing 1 at 3. However, Unum did not distribute the $23,400 designated for Marvin L. Young because the State of Nebraska charged him with first-degree murder of Hollis. Filing 1 at 3. Ebberson sought payment of Young's designated proceeds. Filing 1 at 4. Because of the competing claims for the remaining $23,400 and Neb. Rev. Stat. § 30-2354, Nebraska's "slayer" statute, which prohibits the payment of life insurance benefits to one who feloniously and intentionally kills the insured, Unum filed this interpleader action asking the Court to determine the proper recipient of the

---

[1] Marvin L. Young was served via personal service on February 3, 2020. Filing 11.

1

remaining funds and absolve Unum of any liability relating to the remaining $23,400. Filing 1 at 4-5.

On February 21, 2020, Ebberson filed an Answer and Cross-Complaint which is unchallenged by Marvin Young. Filing 18. Young was served by personal service on March 4, 2020. Filing 22. Relating to her cross claim, Ebberson alleges entitlement to the remaining policy benefits held by Unum. Filing 18 at 4-5. Specifically, she alleges that the State of Nebraska charged Young with first-degree murder relating to Hollis's death in the District Court of Douglas County, Nebraska, Case No. CR19-2671. Filing 18 at 5. She further states, "Young is not entitled to any proceeds . . . as a beneficiary of any insurance plan of Camisha Hollis due to Neb. Rev. Stat. § 30-2354 and any benefits originally made to Young are now payable as though such beneficiary predeceased the decedent." Filing 18 at 5.

Subsequently, Unum deposited $23,626.53, representing the $23,400 principal plus interest, into the Court's registry and was dismissed as a party to the case. *See* Filing 36. On April 27, 2020, Ebberson motioned for the Clerk of Court to make an entry of default against Young due to his failure to respond to the Cross-Complaint, and the Clerk entered default that same day. Filing 28; Filing 30. The Clerk mailed a copy of the Entry of Default to Young. Filing 30. Ebberson then filed a motion seeking a default judgment against Young on May 11, 2020. Filing 32. The Court denied the May 11 motion without prejudice to reassertion, citing questions about Young's competency to stand trial that were raised during the early stages of Nebraska's prosecution of him for Hollis's murder. Filing 42. The parties were ordered to provide regular updates as to the proceedings in the criminal case and the ongoing assessment of Young's competency. Filing 42.

Young was found incompetent to stand trial in his state court proceeding on October 26, 2020, but he was ordered to inpatient treatment in hopes of restoring his competency to stand trial.

Filing 50 at 5-6. In April 2021, Young was transferred from the inpatient treatment facility to the Douglas County Department of Corrections. Filing 50 at 9. The Douglas County Attorney's Office subsequently notified counsel for Ebberson that Young's inpatient treatment facility had assessed him as competent to stand trial. Filing 54 at 6. The District Court of Douglas County subsequently scheduled his trial for November 2021. Filing 50 at 11-13.

## II. DISCUSSION

It is "appropriate for a district court to enter a default judgment when a party fails to appropriately respond in a timely manner." *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (citing *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 119 (8th Cir. 1997)). "Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true . . . ." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Therefore, "it is incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment." *Marshall*, 616 F.3d at 852-53 (quoting *Murray*, 595 F.3d at 871). "A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55(b)(2).

Having examined Ebberson's Cross-Complaint, the Court finds that it states a claim for the policy benefits in question. Neb. Rev. Stat. § 30-2354(c) provides that "[a] named beneficiary of a . . . life insurance policy . . . who feloniously and intentionally kills . . . the individual upon whose life the policy is issued is not entitled to any benefit [under the policy] and it becomes payable as though such beneficiary has predeceased the decedent."

3

Ebberson has incorporated the State of Nebraska's allegations that Young murdered Hollis. Filing 18 at 5. Ebberson has also alleged she, as the guardian for A.Y., Ai. Y., and Ar. Y, is the beneficiary under Neb. Rev. Stat. § 30-2354. Filing 18 at 5. Thus, taking these factual allegations as true, *Murray*, 595 F.3d at 871, the Court is satisfied that Ebberson has stated a claim for the $23,626.53 held by the Court. Further, the Court is now satisfied that Young is not incompetent nor a minor. Ebberson's counsel has produced evidence by sworn affidavit and court documents that the State of Nebraska has found Young competent to stand trial. Filing 50; Filing 54 at 4-23.

The Court, therefore, grants Ebberson's Amended Motion for Default Judgment, Filing 54. Accordingly,

IT IS ORDERED:

1. The Second Motion for Entry of Default Judgment Against Marvin L. Young (Filing 54) filed by Cross-Claimant, Martha Ebberson, both in her individual capacity and as the legal guardian of A.Y., Ai. Y., and Ar. Y, is granted;

2. Defendant and Cross-Defendant Marvin L. Young has abandoned any right, title, or interest to the funds at issue;

3. The Clerk of Court is directed to prepare a check in the amount of $23,626.53, plus any interest accrued, from the Registry of the Court, payable to Martha Ebberson, n/k/a Martha Hollis, c/o Allen & McDowell Law, LLC, 113 N. Main St., Smith Center, KS 66967;

4. Martha Ebberson is ordered to complete an Internal Revenue Service Form W-9 and submit the completed form via e-mail to the Clerk of Court;

5. Upon receipt of such Form W-9, the Clerk of Court shall mail the prepared check for said funds to Martha Ebberson, n/k/a Martha Hollis, c/o Allen & McDowell Law, LLC, 113 N. Main St., Smith Center, KS 66967;

6. The Clerk of the Court is directed to terminate Filing 52; and

7. A separate judgment will be entered.

Dated this 20th day of July, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge